## GAUWEILER v. ELASTIC STOP NUT CORPORATION OF AMERICA.

### Civ. A. No. 7986.

District Court, D. New Jersey.

Dec. 31, 1946.

Edgar H. Rossbach, of Newark, N. J., and Edward V. Ryan, of Jersey City, N. J., Asst. U. S. Atty., for petitioner.

Lum, Fairlie & Wachenfeld, of Newark, N. J., and Hamilton Hicks, of New York City, for respondent.

Rothbard, Harris & Oxfeld, of Newark, N. J., and Abraham Friedman, of New York City, amici curiæ.

MADDEN, District Judge.

This case comes before me under the Selective Service and Training Act, 50 U.S.C.A.Appendix, § 301 et seq., on the part of an individual to keep his position for a period of one year, as provided in the Selective Service and Training Act. Petitioner was working for the respondent company when he left that position to enter the armed forces and after serving the Country obtained an honorable discharge, and upon application within the ninety day period had been given his job back. The question for determination is whether or not he is entitled to keep that job, above the rights of union officials (non-veteran of less seniority) for a period of a year, subject, naturally, to seasonal lay-offs or discharge for misconduct.

The facts are not in dispute between the parties hereto. The petitioner was first employed by the respondent company April 1, 1941; was inducted into the United States Navy October 9, 1943; at which time he held the classification of Bodine machine set-up man, at the rate of $1.10 per hour; was honorably discharged on November 14, 1945; requested re-employment of respondent on December 11, 1945 and was re-employed by the respondent company on December 18, 1945. In the meantime, there had been a reclassification of the job which he held, and the job was changed into a "set up operator in the Bodine department", being the same classification which he held when he left to go into the service. However, the rate was changed to $1 per hour. The petitioner was, as already stated, employed by re-

spondent and continued in the employment until he was laid off on the first day of March, 1946, by reason of slackening of business. In the meanwhile, the company has kept in their employ, one Carl Matthes continuously since the time of the petitioner's application for re-employment. Counsel for the union and counsel for the respondent state that by reason of a union contract existing between the respondent company and the union, which union was recognized as the bargaining agent for the employees of this plant, that the individual, Carl Matthes, was an official of the union and that as such official of the union he was entitled to seniority over all other workers in the plant, in the event of a lay-off, including veterans of World War II who seek their rights to re-employment in this court under the Selective Service and Training Act.

There is absolutely no proof, as such, before me that the individual, Carl Matthes, named as such, was an official of the union, and, if so, for how long his term of office would continue, whether it would expire within that period to which the petitioner is guaranteed his rights under the Selective Service and Training Act. The case is silent of proof in that respect. Regarding that matter, while the case is silent I will decide it as though it were not silent. Counsel who contends that this individual was an official of the union has referred to the union contract in existence between the respondent and the union and specifically to Section 6 of Article 5, which is the article dealing with seniority of officials of the association: " * * * members of its Grievance Committee (not to exceed a total of six), members of its Executive Committee (not to exceed a total of five), shall have preferred plant wide seniority in their respective departments. The association shall furnish to the company the names of such officials, committeemen and section stewards, at the time of the execution of this agreement, and, thereafter, as changes may occur. Upon the expiration of their term of office, they are returned to their regular standing on the seniority list."

I repeat, and I specifically want to call counsel's attention to the fact that there is nothing in the contract or in the proof to indicate to the court when this individual Matthes became a union official, how long his term of office continues or when it will expire. Be that as it may; the case of Droste v. Nash-Kelvinator Corp., D.C., 64 F.Supp. 716, cited by counsel for the union, is not on point with the present case. That was a case of simple super seniority of a veteran against a non-veteran in relation to time seniority similar to the case of Fishgold v. Sullivan Drydock & Repair Corp., 2d Cir., 154 F.2d 785, and affirmed by the Supreme Court. 66 S.Ct. 1105.

The case which disposes of the matter (incidentally a case out of the same circuit as the Droste case, supra, but a Circuit Court of Appeals case in comparison to Droste v. Nash-Kelvinator, supra, a District Court case) is Trailmobile Co. v. Whirls, 6 Cir., 154 F.2d 866, 870. In this case the court held: " * * * Collective bargaining agreements entered into pursuant to the terms of the Wagner Act must recognize the statutory right of the veteran to the seniority granted him by the selective service (and training) statute; and any such agreement which deprives him of that right is invalid to that extent."

To hold that such a defense, as is presented in the case before the court, is a valid defense to an action brought, as here, by a returned veteran to retain his job, would permit a union official, regardless of his length of time in the plant, regardless of the length of time he was a union official, to supersede, by contract, the rights given to these veterans by statute. This clearly was not, in the opinion of the court, the intention of Congress.

The petitioner is therefore entitled to be reinstated to his position as "set up operator in the Bodine Department" at the rate of $1 per hour, together with being reimbursed for his pay lost from the time of his lay-off on March 1, 1946, until the time of his restoration.

Let an order be entered.